In this suit, plaintiff seeks relief for the failure of the United States Agency for International Development (the Agency) to employ him. The government has moved to dismiss the suit on the grounds that certain of the claims are barred by the statute of limitations and that the petition as a whole fails to state any claim upon which relief can be granted.
1. Plaintiffs first claim arises out of the government’s failure to employ him to conduct an urban planning project for the city of Saigon, South Vietnam. He alleges that, in September 1968, he entered into an agreement with the Agency’s Saigon office to conduct the project, but that, in May 1969, the Agency’s Washington, D. C. office improperly rejected him as unqualified to perform the work, and that as a result, the Saigon office informed him, on November 25,1969, that the project was being cancelled.
Assuming arguendo that the plaintiffs allegations establish a claim for breach of contract, the statute of limitations bars the claim.
A claim accrues when all events have occurred which entitle the claimant to relief. Nager Electric Co., Inc. v. United States, 177 Ct. Cl. 234, 240, 368 F.2d 847, 851 (1966). At the latest, the plaintiffs claim for breach accrued when he was informed, on November 25, 1969, that the government was discontinuing the urban planning project and would not fulfill its alleged contractual duties. Since the plaintiff filed his petition nearly 10 years later, in October 1979, it is untimely under 28 U.S.C. § 2501, which provides that "[e]very claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.”
Plaintiff nevertheless argues that the limitations period was tolled because the government concealed material facts which would have informed plaintiff that he had a claim. *601 See Japanese War Notes Claimants Ass’n v. United States, 178 Ct. Cl. 630, 634-36, 373 F.2d 356, 358-60, cert. denied, 389 U.S. 971 (1967). He asserts that in cancelling the alleged contract, the government did not disclose to him its true reasons for that action, its belief that he was unqualified to do the work, but instead told him the project was being cancelled, and that he first discovered the reasons in April 1975 and more fully learned about them from the government’s response to his Freedom of Information Act request filed in July 1975.
The actions of the government upon which the plaintiff relies did not toll the statute of limitations, because the government’s alleged concealment did not prevent the plaintiff from filing a timely suit. The plaintiff knew in 1969 that the government had repudiated its alleged duty to employ him. See Braude v. United States, 218 Ct. Cl. 270, 585 F.2d 1049 (1978). The government’s motives are immaterial to plaintiffs claim in this case, which is that the government violated that duty. Having breached the alleged contract, the government was "not under a duty to make a full disclosure to the victim of every facet of the thinking behind the breach, in order to avoid a charge of fraudulent concealment sufficient to toll the statute of limitations.” Mulholland v. United States, 175 Ct. Cl. 832, 842, 361 F.2d 237, 242-43 (1966). Indeed, to the extent that the plaintiff needed information beyond what he had at the time the claim accrued, he could have employed this court’s discovery powers or filed an earlier Freedom of Information Act request.[1]
The plaintiff argues that under 22 U.S.C. § 2393 (1976) and implementing regulations, the Agency may grant discretionary relief based upon informal commitments undertaken in reliance upon the apparent authority of an Agency official. To the extent plaintiff is alleging that the Agency improperly denied him such discretionary relief, that denial also took place more than 6 years before the plaintiff filed this suit.
*602 2. The plaintiffs second claim, which is founded upon the alleged denial in 1971 of a contract which the Agency offered him to do a project in Mali, similarly is barred by the statute of limitations. It, too, accrued more than 6 years prior to the filing of the petition in this suit.
3. The plaintiffs final claim is that he has been consistently denied the opportunity to negotiate contracts with the Agency. The plaintiff alleges that the government failed to list him as a recognized contractor for contracts with the Agency. Even if read liberally, these allegations fail to state any right of action over which this court has cognizance, since they implicate no right to relief granted by contract, statute, or regulation, or by the Constitution. See United States v. Testan, 424 U.S. 392, 400 (1976). At most they charge a refusal to negotiate, remediable by a tort claim or by an action for injunction or mandamus, actions which are beyond our jurisdiction. Somali Development Bank v. United States, 205 Ct. Cl. 741, 748-50, 508 F.2d 817, 820-22 (1974) (tort); United States v. Jones, 131 U.S. 1 (1889) (non-monetary equitable relief).
Accordingly, the government’s motion for summary judgment is granted, and the petition is dismissed.

 The record indicates that in 1969 the plaintiff was aware of his present claim that the government had rejected him for employment because it believed him to be unqualified. The government has produced a letter that the plaintiff sent to Senator Javits in 1969, the authenticity of which the plaintiff has not challenged, which states that the government acted for that reason.